UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARBOR GATES CAPITAL, LLC,

    Plaintiff,

v.                                  Case No.: 8:20-cv-887-T-33JSS

APOTHECA BIOSCIENCES, INC.,
and SAEED "SAM" TALARI,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte* and upon review of the record.

**Background**

Plaintiff Harbor Gates Capital, LLC, initiated this action on April 17, 2020, against Defendants Apotheca Biosciences, Inc. and Saeed Talari. (Doc. # 1). Harbor Gates alleged in its amended complaint that Apotheca is a Nevada corporation with its principal place of business in Florida. (Doc. # 5 at ¶ 6). The Court issued a summons to Apotheca listing an address in St. Petersburg, Florida. (Doc. # 8).

Because Harbor Gates did not file proof of service of process, the Court requested status reports on two occasions. Harbor Gates' first such report, filed on June 2, 2020, reported that the process server attempted to serve Apotheca

1

at the St. Petersburg, Florida, address on May 6, 2020, but "neither Defendants nor any person authorized to accept service on their behalf were present at the address[]." (Doc. # 10 at 2). Two days later, the process server attempted to serve Apotheca through its listed registered agent, Karin Rohret, at an address in Las Vegas, Nevada. (Id.). Harbor Gates represented that "the registered agent was not present at the address to accept service and [the] process server was advised that Apotheca's registered agent was not located at the Las Vegas address." (Id.). Harbor Gates then arranged for service on Apotheca through the Nevada Secretary of State, but informed the Court that, at that time, the Nevada Secretary of State's office was closed due to the coronavirus pandemic. (Id.). On June 30, 2020, Harbor Gates filed its second update on service of process, representing that the Nevada Secretary of State had since reopened and Harbor Gates would be serving Apotheca through that entity. (Doc. # 12 at 2).

On July 21, 2020, no proof of service of process having been filed on the docket, the Court dismissed this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (Doc. # 13). Shortly thereafter, Harbor Gates filed both a motion to vacate that order and a document that

2

purports to show proof of service on Apotheca. (Doc. ## 14, 15). This Court therefore set aside its previous order, reopened the case and, at Harbor Gates' request, extended the deadline for service on Defendant Talari to August 17, 2020. (Doc. # 16).

According to the one-page proof of service filed by Harbor Gates, the process server sent the documents via certified mail to Apotheca c/o the Nevada Secretary of State on July 6, 2020. (Doc. # 14).

**Discussion**

To serve a corporation, the plaintiff can either deliver "a copy of the summons and complaint to an officer, a managing or general agent authorized by appointment or law to receive service of process and—if the agent is one authorized by statute to receive service and the statute so requires—by also mailing a copy of each to the defendant" or following the state law for serving a summons in the state where the district court is located or where service is made under Rule 4(e)(1). Fed. R. Civ. P. 4(h). As Harbor Gates has not served any officer, managing or general agent of Apotheca, this Court will focus on whether it has met the requirements of Rule 4(e)(1).

That rule, in turn, allows an individual to be served by "following state law . . . in the state where the district court is located or where service is made." Turning first to the state where this Court is located, it is apparent that service here is not proper under Florida law. Under Florida law, service of process against any private corporation may be served on the corporation's registered agent or according to a hierarchy of employees defined in the statute. Fla. Stat. §§ 48.081, 48.091. Additionally, under Florida's substitute service statute, Section 48.181, the Florida Secretary of State is automatically appointed as an agent for service of process to foreign corporations operating, conducting, engaging in, or carrying on a business venture in Florida. Fla. Stat. § 48.181; see also Hansen Beverage Co. v. Consol. Distribs., Inc., No. 6:11-cv-329-Orl-22DAB, 2012 WL 12903172, at *3 (M.D. Fla. Jan. 30, 2012) ("Under Florida's substitute service statute, [Section] 48.181, the Florida Secretary of State is automatically appointed as an agent for service of process to out-of-state corporations operating, conducting, engaging in, or carrying on a business or business venture in Florida."). Here, however, Harbor Gates did not attempt to serve the Florida Secretary of State but, rather, the Nevada Secretary of State.

4

Turning to Nevada law – the state where service is made – Nevada law has a specific statute pertaining to service when the street address of the registered agent of the corporation is not staffed as required by state law. Nev. Rev. Stat. § 14.030. Recall that Harbor Gates represented to this Court that "the registered agent was not present at the address to accept service and [the] process server was advised that Apotheca's registered agent was not located at the Las Vegas address." (Doc. # 10 at 2). In such situations, the corporation may be served with process by delivering a copy to the Secretary of State. Nev. Rev. Stat. § 14.030(1).

However, the statute places certain requirements on such service. Specifically, the copy delivered to the Secretary of State must (1) include a specific citation to the provisions of [Section 14.030] and (2) be accompanied by a $10 fee. Id. In addition, the statute requires that:

> Before such service is authorized, the plaintiff shall make or cause to be made and filed an affidavit setting forth the facts, showing that due diligence has been used to ascertain the whereabouts of the officers of the artificial person to be served, and the facts showing that direct or personal service on, or notice to, the artificial person cannot be had.
>
> If it appears from the affidavit that there is a last known address of the artificial person or any known officers thereof, the plaintiff shall, in addition to and after such service on the Secretary

5

> of State, mail or cause to be mailed to the artificial person or to the known officer, at such address, by registered or certified mail, a copy of the summons and a copy of the complaint, and in all such cases the defendant has 40 days after the date of the mailing within which to appear in the action.

Nev. Rev. Stat. § 14.030(3)-(4). In addition, the fact that the registered-agent location was not staffed is a fact that "is to be made part of the return of service." Id. § 14.030(1).

Harbor Gates has failed to comply with multiple of these statutory requirements. First, before effecting service via the Secretary of State, Harbor Gates did not file an affidavit as contemplated in Nev. Rev. Stat. Section 14.030(3). Even if its status report could be construed as an "affidavit," the status report does not detail how or whether it attempted to ascertain the whereabouts of Apotheca's officers, as is required. Nor has Harbor Gates proven that it mailed a copy of the summons and complaint to the last known address of Apotheca or any of its officers, as required by Section 14.030(4). Finally, there is no indication from the one-page document filed with this Court that Harbor Gates complied with Section 14.030(1) by showing that either the copy of process delivered to the Secretary of State included a specific citation to the provisions of [Section 14.030] or

6

was accompanied by a $10 fee. See LG Capital Funding, LLC v. Worthington Energy, Inc., No. 16-CV-6288-NGGST, 2018 WL 1370266, at *4 (E.D.N.Y. Feb. 20, 2018), report and recommendation adopted, No. 16-CV-6288-NGGST, 2018 WL 1368025 (E.D.N.Y. Mar. 16, 2018) (finding that Plaintiff had complied with Nev. Rev. Stat. Section 14/030 where he: (1) filed a letter with the Court attesting that Defendant no longer had a registered agent to accept service in Nevada, along with a print-out indicating that Defendant no longer had an agent registered with the Secretary of State; (2) then served the designee of the Secretary of State with a copy of the complaint, summons, certificate of registered agent vacancy, and a check for $10.00; and (3) later mailed a copy of the complaint and summons, along with the default judgment motion, to Defendant's last known address).

But more importantly, service by certified mail is not allowed under the pertinent Nevada statute. See Cabrera v. Las Vegas Metro. Police Dep't, 2:12-cv-00918-RFB-CWH, 2014 WL 6634821, at *3 (D. Nev. Nov. 21, 2014) ("The Nevada Rules of Civil Procedure generally do not allow for service by mail to Nevada corporations; service must be made to the corporation's registered agent or to any officer of the corporation." (citing Nev. R. Civ. P. 4(d)(1)); Miller v.

7

MERSCORP Inc., No. 2:11-cv-00987-GMN-CWH, 2011 WL 6097751, at *2 (D. Nev. Dec. 5, 2011) ("Plaintiff's service by certified mail is not sufficient to meet the requirements of NRS 14.020 or NRS 14.030.").

For these reasons, Harbor Gates' purported service on Defendant Apotheca is not valid. What's more, as the Court has not extended the time to complete service on Apotheca, the time to do so has lapsed. Accordingly, Plaintiff is directed to show cause by August 11, 2020, why this case should not be dismissed as to Defendant Apotheca for failure to properly serve that Defendant.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff is directed to show cause by August 11, 2020, why this case should not dismissed as to Defendant Apotheca Biosciences, Inc., for failure to properly effect service of process.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of August, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8