```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

HARBOR GATES CAPITAL, LLC

     Plaintiff,
v.                                     Case No. 8:20-cv-887-VMC-JSS

APOTHECA BIOSCIENCES, INC.,
and SAEED TALARI,

     Defendants.
                                     /
```

**ORDER**

This matter comes before the Court upon the filing of Defendant Saeed Talari's Motion to Dismiss Complaint. (Doc. # 56). Upon review, the Court finds that it cannot rule on the Motion because the second amended complaint (Doc. # 28) is a shotgun pleading. Therefore, for the reasons set forth below, the Court denies Talari's Motion to Dismiss (Doc. # 56) as moot, dismisses the second amended complaint (Doc. # 28) as a shotgun pleading, and grants Plaintiff Harbor Gates Capital, LLC, until February 24, 2021, to file a third amended complaint that is not a shotgun pleading.

**I.   Background**

Harbor Gates initiated this action on April 17, 2020, alleging three counts: (1) breach of contract, (2) unjust enrichment, and (3) fraudulent inducement. (Doc. # 1). On

August 19, 2020, Harbor Gates filed a second amended complaint containing the same three counts, but adding the allegation that Talari was intentionally concealing his whereabouts and evading service. (Doc. # 28 at 2-3).

When neither defendant made an appearance, Harbor Gates moved for Clerk's default. (Doc. ## 38, 40). The Clerk entered default against Apotheca Biosciences, Inc. on October 1, 2020 (Doc. # 39), and Talari on October 8, 2020. (Doc. # 42).

Harbor Gates subsequently moved for default judgement against both Defendants. (Doc. # 44). Prior to the Court ruling on the matter, Harbor Gates and Talari filed a joint motion to set aside the Clerk's default as to Talari. (Doc. # 47). The Court granted the motion and set aside the Clerk's default as to Talari. (Doc. # 48). The Clerk's entry of default remains in place against Apotheca. (Doc. # 39).

On January 12, 2021, Talari moved to dismiss the second amended complaint. (Doc. # 56). Harbor Gates responded on January 26, 2021. (Doc. # 59). The Motion is ripe for review.

II. **Discussion**

While reviewing Talari's Motion to Dismiss (Doc. # 56), the Court came to the conclusion that it could not resolve the Motion because the second amended complaint (Doc. # 28) is a shotgun pleading. The Court has an independent obligation

to dismiss a shotgun pleading. "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-GAP-KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (emphasis omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each

3

claim rests." Id. at 1323.

Here, the second amended complaint is a shotgun pleading because it falls within the first category identified in Weiland. Counts II and III roll all preceding allegations into every count. (Doc. # 73 at ¶¶ 36, 40). In Count II, "Harbor Gates repeats and re-alleges the allegations contained in paragraphs 1-34 as if fully set forth in this Count." (Id. at ¶ 36). But paragraphs 31 through 34 comprise Count I. Count III likewise states: "Harbor Gates repeats and re-alleges the allegations contained in paragraphs 1-38 as if fully set forth in this Count." (Id. at ¶ 36). Thus, Count III incorporates the paragraphs comprising both Count I and Count II.

This is impermissible. See Weiland, 792 F.3d at 1322 (identifying "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun complaint). "Because the [second amended complaint] is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture." Madak v. Nocco, No. 8:18-cv-2665-VMC-AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018).

Therefore, Talari's Motion to Dismiss is denied as moot, and the Court sua sponte dismisses the second amended

complaint as a shotgun pleading.

Additionally, the Court notes Talari's concern that the counts in the second amended complaint do not sufficiently differentiate between Talari and Apotheca. (Doc. # 56 at 1, 7-9). Harbor Gates argues that it only alleges Count III (fraudulent inducement) against Talari, and that the counts clearly distinguish between Defendants. (Doc. # 59). Nonetheless, for the sake of clarity, the Court suggests that Harbor Gates clearly denote which defendant each count is brought against in its third amended complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Talari's Motion to Dismiss (Doc. # 56) is **DENIED** as moot.
(2) The second amended complaint (Doc. # 28) is sua sponte **DISMISSED** as a shotgun pleading.
(3) Harbor Gates may file a third amended complaint that is not a shotgun pleading by **February 24, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE